# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARY ANN ROBERTS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0058** (BOR Appeal No. 2049549)
(Claim No. 2003001392)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**AFFORDABLE ELDERLY CARE PROVIDERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary Ann Roberts, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2014, in which the Board affirmed a June 2, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 12, 2013; October 31, 2013; and August 27, 2013, decisions denying a request for a lumbar MRI; referral to Mark Grubb, M.D.; reopening of the claim for permanent partial disability; an appointment with Samy Sakla, M.D.; and six chiropractic visits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Roberts, a home health care provider, was injured in the course of her employment on March 1, 2002, while lifting a patient into bed. The claim was held compensable for lumbar sprain/strain and sciatica, and she was awarded a 13% permanent partial disability award. Ms. Roberts sustained a second injury to her lumbar spine on November 17, 2009. She was treated by Dr. Sakla on December 28, 2009, and he noted that she was last seen in September of 2008. She presented on examination with pain for the last four weeks. She denied an injury but said that she felt a pulling at work when she was helping a patient into the shower. Ms. Roberts reported that, prior to her second injury, she had obtained significant relief from sacroiliac injections and had been feeling 90% better. This relief lasted up until the recent recurrence. In a report of injury, Gerald Booth, D.C., listed the November 17, 2009, injury as lumbosacral sprain/strain, and it was noted that the injury aggravated Ms. Roberts's pre-existing lumbar sprain/strain. In a letter, Dr. Booth stated that it was brought to his attention that Ms. Roberts had not received treatment for the 2002 injury for approximately eighteen months. It was his opinion that a single fortuitous event occurred on November 17, 2009, therefore, she suffered a new injury that day.

Bill Hennessey, M.D., performed an independent medical evaluation for the 2002 injury on July 23, 2010. He found that Ms. Roberts's current complaints are not the result of the 2002 injury. He determined that her lumbar strain had fully resolved and that she no longer suffered from sciatica. He opined that she had reached maximum medical improvement and that no further treatment was necessary. In a letter shortly thereafter, Dr. Hennessey stated that he was made aware of Ms. Roberts's intervening injury. He reiterated that she had no evidence of residual impairment on examination and that further treatment for the lower back was not necessary. The Office of Judges held on July 25, 2011, that Ms. Roberts sustained an intervening compensable injury on November 17, 2009. In June of 2011, Dr. Sakla noted that Ms. Roberts had been experiencing back pain since her November 17, 2009, injury. He diagnosed her with lumbar sprain and sprain of the sacroiliac region and recommended that she receive sacroiliac injections to help with the pain. The request was denied in the instant claim by the claims administrator and the decision was affirmed by the Office of Judges on January 9, 2012. The Office of Judges found that the injections could not be authorized in the 2002 claim because Dr. Sakla opined that they were necessary for the 2009 injury. The decision was affirmed by the Board of Review and then by this Court on January 14, 2014.

In an August 10, 2011, chiropractic statement, Dr. Booth asserted that Ms. Roberts requires chiropractic care. He listed both the 2002 and 2009 injuries on the form but stated that it was reasonable and necessary treatment because she suffered a sprain/strain on November 17, 2009. In a diagnosis update it appears that he requested that lumbar sprain/strain and sacroiliac sprain/strain be added to both claims. The claims administrator denied a request to add sacroiliac sprain/strain and to authorize chiropractic treatment for the March 1, 2002, injury because Ms. Roberts sustained an intervening injury in 2009. In letters from July of 2013 through October of 2013, Dr. Booth requested various treatments for Ms. Roberts's lower back. He asserted that the treatment was necessary for both the 2002 and the 2009 compensable injuries.

The claims administrator denied a request for an appointment with Dr. Sakla, six chiropractic visits, and an MRI on August 27, 2013. On October 31, 2013, it denied a second request for an MRI and a consultation with Dr. Grubb. Finally, on November 12, 2013, the claims administrator denied a request for a lumbar MRI, a referral to Dr. Grubb, and reopening of the claim on a permanent partial disability basis. The Office of Judges affirmed the decisions in its June 2, 2014, Order.

The Office of Judges found that in accordance with previous Office of Judges' Orders and the evidentiary record, the 2002 injury did necessitate significant multiple back surgeries, but it is not the major cause of Ms. Roberts's current complaints. Despite the significant problems, the Office of Judges stated that she appeared to be doing fairly well until the November 17, 2009, injury. The record demonstrates that the prior problems made Ms. Roberts more susceptible to the pain that she now has as a result of the compensable injury; however, that does not negate the fact that the necessity of the current treatment did not arise out of the 2002 injury. All of the requests for treatment were determined to be the result of problems she developed after the 2009 injury. The Office of Judges also found that the evidence shows that the claim should not be reopened on a permanent partial disability basis for the 2002 injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 23, 2014.

On appeal, Ms. Roberts argues that she suffered two separate injuries to her lumbar spine and payment for treatment has been refused under both claims. She asserts that she is in need of further treatment as a result of a combination of both compensable injuries. The West Virginia Office of the Insurance Commissioner argues that Ms. Roberts sustained a new injury on November 17, 2009, and has failed to introduce evidence to show that the 2002 injury is the cause of her current symptoms.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record clearly indicates that Ms. Roberts was injured on March 1, 2002, and required significant treatment due to the lumbar injury. However, her symptoms had largely resolved prior to the intervening November 17, 2009, injury as is evidenced by Dr. Sakla's December 28, 2009, treatment note. Ms. Roberts's current symptoms appear to be the result of the November 17, 2009, compensable injury and not the March 1, 2002 injury that is the subject of the instant case. The Office of Judges and Board of Review were correct to deny the treatment as related to the 2002 injury and to deny a reopening of the claim for permanent partial disabilty benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 4, 2015**

3

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum